UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ATANACIO GUERRERO, JR.<br>    LA. DOC #577573<br>VS. | CIVIL ACTION NO. 6:14-cv-2453<br><br>SECTION P<br><br>JUDGE REBECCA F. DOHERTY |
| WARDEN TIM KEITH | MAGISTRATE JUDGE C. MICHAEL HILL |

### REPORT AND RECOMMENDATION

*Pro se* petitioner Atanacio Guerrero, Jr., filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on August 7, 2014. Petitioner is an inmate in the custody of the Louisiana Department of Public Safety and Corrections, currently incarcerated at the Winn Correctional Center in Winnfield, Louisiana. Petitioner attacks his September 28, 2009 conviction for possession of methamphetamine over 28 grams and under 200 grams, entered in the Louisiana Sixteenth Judicial District Court for St. Mary Parish, Louisiana for which he was sentenced to serve five years imprisonment. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE.**

### PROCEDURAL HISTORY

Petitioner was charged with various drug offenses. After initially entering a plea of not guilty, petitioner filed a Motion to Suppress the evidence against him which was

seized from his residence pursuant to an allegedly invalid search warrant based upon an insufficient affidavit, as well as inculpatory statements made by him during, and in connection with, the search, under the "fruit of the poison tree" doctrine. An evidentiary hearing on the Motion to Suppress was held on September 8, 2009, at which time St. Mary Parish Sheriff Agent Duval Arthur, III testified on behalf of the State.

After taking the matter under advisement, on September 21, 2009, the Court denied petitioner's Motion to Suppress. In so doing, the Court found that the search warrant was valid, that the affidavit in support of the warrant was sufficient, and the that statements were therefore not "fruit of the poisonous tree." The evidence and statements were therefore held to be admissible.

Petitioner withdrew his not guilty plea and, on September 28, 2009, entered a guilty plea under *State v. Crosby*, 338 So.2d 584 (La. 1976) to possession of methamphetamine over 28 grams and under 200 grams, reserving his right to appeal the ruling on his Motion to Suppress. Petitioner was sentenced to serve five years imprisonment.

Represented by Robert Fuhrer, petitioner directly appealed the issues presented in his Motion to Suppress to the Louisiana First Circuit Court of Appeal. On September 10, 2010, petitioner's conviction and sentence were affirmed in an unpublished opinion. *State v. Guerrero*, 2010-KA-0345, 2010 WL 3526477, 46 So.3d 286 (La. App. 1st Cir. 9/10/2010). The First Circuit, like the trial court, held that the warrant authorizing the

search of petitioner's residence was valid and based upon an affidavit that was sufficient to support a finding of probable cause and sufficiently established a nexus between the items sought and the place to be searched.  The First Circuit additionally held that because the search was not unlawful, any statements made by petitioner in connection with the search were not fruits of a poisonous tree.[1]

Petitioner did not timely seek further direct review in the Louisiana Supreme Court.  Rather, nearly three years later, on June 20, 2013, petitioner filed a *pro se* writ application in the Louisiana Supreme Court.[2] On January 27, 2014, the Louisiana

---

[1] The First Circuit summarized its holding as follows:

> Under the facts and circumstances of this case, the trial court did not abuse its discretion in denying the motion to suppress based on the allegations in the affidavit. The trial court did not err in concluding that the search warrant established probable cause since the facts and circumstances were sufficient to support a reasonable belief that an offense had been committed and that evidence or contraband would be found at the place to be searched. There is no indication Agent Arthur intended to deceive the judge who signed the warrant. Excising any misrepresentations in the affidavit, and considering any alleged omissions, probable cause for issuance of the warrant still existed.
>
> Considering the foregoing, the defendant's claim that the statements he made during the execution of the search warrant should have been suppressed under the fruit of the poisonous tree doctrine lacks merit. Since the search in this case was not unlawful, it did not result in any poisonous fruits. All of the evidence seized and statements made during the execution of the warrant were admissible.

*Guerrero*, 2010 WL 3526477 at *6 (footnote omitted).

[2] The writ application was apparently filed after petitioner hired new counsel, C.E. Bourg, II (who allegedly failed to file a Louisiana Supreme Court writ application on petitioner's behalf), and petitioner obtained an affidavit from Robert Fuhrer, dated April 29, 2013, stating that although a copy of the First Circuit's decision had been mailed by Fuhrer to petitioner on September 13, 2010, Fuhrer did not inform petitioner that petitioner had the right to rehearing or to apply for writs in the Louisiana Supreme Court.

Supreme Court denied writs, citing Louisiana Code of Civil Procedure article 930.8 [3] and *State ex rel. Glover v. State*, 660 So.2d 1189 (La.1995)[4] as the basis for its decision.[5] *State of Louisiana ex rel. Atanacio Guerrero, Jr.*, 2013-KH-1688, 131 So.3d 58 (La. 1/27/2014).

In the instant federal *habeas corpus* petitioner, petitioner challenges the Louisiana state court's denial of his Motion to Suppress. More specifically, petitioner argues that the evidence seized from petitioner's residence should have been suppressed because it was obtained in violation of the Fourth Amendment of the United States Constitution because the search warrant was invalid and based upon an insufficient affidavit. He additionally argues that the inculpatory statements made by him during, and in connection with, the search, should have been suppressed under the "fruit of the poison tree" doctrine. [6] He therefore requests that this Court find the search and seizure unconstitutional, suppress all of the evidence derived from the search and overturn his conviction.

---

[3] Article 930.8 provides a two year period of limitations generally beginning from the date that a judgment of conviction becomes final within which to seek post-conviction relief.

[4] In *Glover*, the Louisiana Supreme Court held that the untimeliness of an application for post-conviction relief can be recognized by an appellate court.

[5] Given the citations in support of its decision, the Louisiana Supreme Court apparently construed petitioner's untimely filed writ application as an untimely request for post-conviction relief.

[6] Although suppression of statements may be sought under other Constitutional provisions, petitioner's claims implicate only the Fourth Amendment.

## LAW AND ANALYSIS

*Rule 4 Consideration*

Rule 4 of the Rules Governing § 2254 Cases authorizes the district court to examine and dismiss non-meritorious and frivolous *habeas corpus* petitions. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999). Thus, it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.[7] *Kiser*, 163 F.3d at 328. Review of the instant petition for federal *habeas corpus* relief plainly establishes that petitioner is not entitled to relief. Accordingly, the petition should be dismissed with prejudice pursuant to Rule 4 for the reasons that follow.

## I. Petitioner's Fourth Amendment Claims

> [W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal *habeas corpus* relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.

*Stone v. Powell*, 96 S.Ct. 3037, 3052 (1976) (footnotes omitted).

Moreover, when the "state provides the processes whereby a defendant can obtain full and fair litigation of a Fourth Amendment claim, *Stone v. Powell* bars federal *habeas*

---

[7]Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." The Advisory Committee Notes following Rule 4 state that " it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*corpus* consideration of that claim whether or not the defendant employs those processes." *Caver v. Alabama*, 577 F.2d 1188, 1192 (5th Cir. 1978); *ShisInday v. Quarterman*, 511 F.3d 514, 524-525 (5th Cir. 2007).

Accordingly, "if state procedures afford the defendant in a criminal case the opportunity to (fully and fairly) litigate whether evidence obtained in violation of the Fourth Amendment should be excluded . . . then *Stone v. Powell* precludes federal *habeas* consideration of those issues whether or not the defendant avails himself of that opportunity." *Id*. at 1193; *Janeka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002).

Thus, all that is required for the application of *Stone* is the opportunity to present a Fourth Amendment claim to the state trial court and the availability of meaningful appellate review, whether the defendant avails himself of that opportunity. *Id.* at 1191-92.[8] Stated differently, "it is the existence of state processes allowing an opportunity for full and fair litigation of fourth amendment claims, rather than a defendant's use of those processes" which bars federal habeas corpus consideration of claims under *Stone*.

---

[8]*See also Williams v. Collins*, 16 F.3d 626, 637-38 (5th Cir.), *cert. denied*, 512 U.S. 1289, 115 S.Ct. 42, 129 L.Ed.2d 937 (1994); *Smith v. Maggio*, 664 F.2d 109, 111 (5th Cir. 1981) (noting that "the opportunity to present a fourth amendment claim to the state trial and appellate courts, whether or not that opportunity is exercised or proves successful, constitutes an "opportunity for full and fair consideration" of a defendant's fourth amendment claim under *Stone* . . . ."); *Williams v. Wainwright*, 604 F.2d 404, 406 (5th Cir. 1979) (noting that *Stone* holds " that Fourth Amendment claims may not be litigated in a federal *habeas corpus* petition if they could have been fully and fairly presented at the state level . . . ."); *Williams v. Brown*, 609 F.2d 216, 219 (5th Cir. 1980) (noting that absent sufficient factual allegations and proof that the state process is "routinely or systematically applied in such a way as to prevent the actual litigation of Fourth Amendment claims on their merits, the rationale of *Caver* dictates . . . [the] application of *Stone* . . . " to both mistakes in the adjudication of the merits and "to procedural mistakes that thwart the presentation of fourth amendment claims.").

*Register v. Thaler*, 681 F.3d 623, 628 (5th Cir. 2012).

Petitioner argues that the evidence and statements used to obtain the challenged conviction should be suppressed because the evidence and statements were seized in violation of the Fourth Amendment. The record, however, reflects that petitioner challenged the search of his residence and seizure of the physical and verbal evidence which would have been introduced against him at trial by an unsuccessful pre-trial Motion to Suppress, and that the trial court's adverse ruling was not reversed on direct appeal by the Louisiana First Circuit Court of Appeal. Thus, it is clear that the Louisiana state courts afforded petitioner the opportunity to litigate the allegedly unlawful search and seizure of evidence, and that petitioner availed himself of that opportunity. This is all that is required under *Stone.* The fact that petitioner may disagree with the state court's decision is not sufficient to overcome the *Stone* bar. *Janeka*, 301 F.3d at 320 *citing Swicegood v. Alabama*, 577 F.2d 1322, 1324 (5th Cir. 1978).

Under these circumstances, petitioner's Fourth Amendment claims that evidence and statements which would have been used against him at trial were obtained in violation of the Fourth Amendment are barred, and the claims are not cognizable on federal *habeas* review.[9]

**ACCORDINGLY,**

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** pursuant to Rule 4 of the Rules Governing Section

---

[9] It is also is clear that petitioner's claims are procedurally defaulted because they were never properly and timely presented to the Louisiana Supreme Court and the time for doing so has expired, and because the Louisiana Supreme Court's writ denial was clearly and expressly based on an adequate and independent state procedural. *See Bledsue v. Johnson*, 188 F.3d 250, 254-55 (5th Cir. 1999) *citing Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1986) and *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).

2254 Cases in the United States District Courts since it plainly appears from the petition and attached exhibits that the petitioner is not entitled to relief.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  *See* 28 U.S.C. §2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

**THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, this 11th day of February, 2015.

_____
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE